**1822-CC06298**

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(CITY OF ST. LOUIS)**

HUGH LOUGHEED,                          )
                                        )
      Plaintiff,                   )      Cause No.
v.                                      )
                                        )      JURY TRIAL DEMANDED
PFIZER, INC.,                           )
                                        )
      Defendant.                   )

**PETITION[1]**

COMES NOW Plaintiff Hugh Lougheed and hereby brings this Petition for damages against defendant, Pfizer, Inc., and alleges the following upon information and belief:

**INTRODUCTION**

1.     This is a products liability and negligence action for personal injury and damages relating to the defendant's design, manufacture, sale, testing, marketing, advertising, promotion, and/or distribution of the unsafe drug, Viagra.

2.     Plaintiff, an adult, brings these claims for personal injuries and damages.

3.     At all times relevant to this action, defendant intentionally, recklessly, and/or negligently concealed, suppressed, omitted, and/or misrepresented the risks, dangers, defects, and disadvantages of Viagra.

4.     At all times relevant to this action, defendant intentionally, recklessly, and/or negligently, advertised, promoted, marketed, sold, and/or distributed Viagra as a safe prescription medication when, in fact, defendant had reason to know, and/or did know, that

---

[1] Plaintiff and/or Plaintiff's decedent was a plaintiff in *Paul Parker et al. v. Pfizer Inc.,* Case No. 1522-cc00318-01, at the time this Court issued its May 2, 2018 Order severing plaintiff's claims. A copy of that Order is attached as an exhibit hereto.

1

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

Viagra was not safe for its intended purposes, and that Viagra caused serious injury, including melanoma, and death.

**PARTIES**

5.      Plaintiff Hugh Lougheed is and was at all relevant times a resident of Colorado.

6.      Defendant, Pfizer, Inc. ("PFIZER") is a Delaware corporation with its principal place of business at 235 East 42nd Street, New York, New York.  Pfizer is duly registered with Secretary of State of the State of Missouri to transact business in Missouri and maintains a registered agent in Missouri.

7.      At all relevant times, defendant was engaged in the business of designing, testing, manufacturing, packaging, marketing, advertising, distributing, promoting, and/or selling Viagra in and throughout the State of Missouri, including the City of St. Louis.

**JURISDICTION AND VENUE**

8.      Consistent with the Due Process Clause of the Fifth and Fourteenth Amendments, the Court has personal jurisdiction over the defendants, because defendant is present in the State of Missouri, such that requiring an appearance does not offend traditional notions of fair play and substantial justice.

9.      This court has personal jurisdiction over the defendant pursuant to and consistent with Missouri's long arm statute (R.S.Mo. §506.500) and the Constitutional requirements of Due Process in that the defendant, acting through its agents or apparent agents, committed one or more of the following:

> a.  The transaction of any business within the state;

> b.  The making of any contract within the state;

> c.  The commission of a tortious act within this state; and/or

2

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

    d. The ownership, use, or possession of any real estate situated within this state.

10.    Requiring defendant to litigate these claims in Missouri does not offend traditional notions of fair play and substantial justice and is permitted by the United States Constitution.

11.    At all relevant times, Defendant maintained a continuous presence in Missouri, namely its Worldwide Research and Development's St. Louis laboratories, which Defendant indicates include a 250,000-square-foot laboratory and 70,000 square feet of office space.

12.    Further, at all relevant times, defendant was engaged in the business of designing, testing, manufacturing, packaging, marketing, advertising, distributing, promoting, and/or selling Viagra in and throughout the State of Missouri, including the City of St. Louis.

13.    Plaintiff seeks relief that is within the jurisdictional limits of the Court in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00)

## FACTS COMMON TO ALL COUNTS

14.    In October 2001, February 2002, May 2012, and at other times, Plaintiff Hugh Lougheed's physician prescribed and/or dispensed Viagra to him, which he took as needed. Plaintiff Hugh Lougheed was diagnosed with malignant melanoma in or around October 2013.

15.    The defendant Pfizer, Inc. designed, manufactured, marketed, distributed and sold the Viagra that the Plaintiff prescribed to and was ingested by Plaintiff.

16.    A medical study published in the June 2014 volume of the Journal of the American Medical Association ("JAMA study"), found that sildenafil, or Viagra, increases the invasiveness of melanoma cells and raises the risk of melanoma in men who take Viagra. The study examined over 25,000 men between 2000 and 2010 and found that men who took Viagra were twice as likely to develop melanoma as those who did not take Viagra.

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

17.     The JAMA study indicated that use of Viagra inhibits PDE5A, which increases BRAF levels in the body and greatly increases the risk of cancers, including melanoma.

18.     Defendant Pfizer, Inc. knew, or should have known, that Viagra increased the risk of developing melanoma in those who ingested it.

19.     Despite Pfizer, Inc.'s knowledge regarding the risks of Viagra, it did not sufficiently warn doctors who prescribed or patients who were prescribed Viagra of the risk of developing melanoma.

20.     Plaintiff's use of Viagra put them at an increased risk of skin cancer and caused them to develop melanoma, often necessitating surgery.

21.     Plaintiff was not warned that Viagra would significantly increase their risk of developing melanoma. If they had received such a warning, they would not have ingested Viagra.

22.     Plaintiff could not and did not discover the connection between his injuries and Viagra until after the JAMA study was published in 2014.

## TOLLING OF THE LIMITATIONS PERIOD

23.     Defendant, through its affirmative misrepresentations and omissions, actively concealed from Plaintiff and Plaintiff's healthcare providers the true and significant risk associated with taking Viagra.

24.     As a result of Defendant's actions, Plaintiff and their prescribing physicians were unaware, and could not have reasonably known or have learned through reasonable diligence, that Plaintiff had been exposed to the risk identified in this Petition, and that those risk were the result of Defendant's acts, omissions, and misrepresentations.

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

25.    Accordingly, no limitations period ought to accrue until such time as Plaintiff knew or reasonably should have known of some causal connection between Plaintiff's ingestion of Viagra and the harm Plaintiff suffered as a result.

26.    Additionally, the accrual and running of any applicable statute of limitations has been tolled by reason of Defendant's fraudulent concealment.

27.    Additionally, Defendant is equitably estopped from asserting any limitations defense by virtue of its fraudulent concealment and other misconduct as described.

28.    Additionally, the limitations period ought to be tolled under principles of equitable tolling.

## COUNT I:   NEGLIGENCE

29.    Plaintiff incorporates by reference each and every paragraph of this Petition as though set forth in full in this cause of action.

30.    Defendant owed Plaintiff a duty to exercise reasonable care when designing, testing, manufacturing, marketing, advertising, promoting, distributing, and/or selling Viagra.

31.    At all relevant times to this action, defendant owed a duty to properly warn Plaintiff and the public of the risks, dangers and adverse side effects of Viagra.

32.    Defendant breached its duty by failing to exercise ordinary care in the preparation, design, research, testing, development, manufacturing, inspection, labeling, marketing, promotion, advertising and selling of Viagra, as set forth below.

33.    Defendant failed to exercise due care under the circumstances and therefore breached this duty in numerous ways, including the following:

a.    failing to test Viagra properly and thoroughly before releasing the drug to the market;

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

b.      failing to analyze properly and thoroughly the data resulting from the pre-marketing tests of Viagra;

c.      failing to report to the FDA, the medical community, and the general public those data resulting from pre- and post-marketing tests of Viagra which indicated risks associated with its use;

d.      failing to conduct adequate post-marketing monitoring and surveillance of Viagra;

e.      failing to conduct adequate analysis of adverse event reports;

f.      designing, manufacturing, marketing, advertising, distributing, and selling Viagra to consumers, including Plaintiff, without an adequate warning of the significant and dangerous risks of Viagra and without proper instructions to avoid the harm which could foreseeably occur as a result of using the drug;

g.      failing to exercise due care when advertising and promoting Viagra;

h.      negligently continuing to manufacture, market, advertise, and distribute Viagra after defendant knew or should have known of the risks of serious injury and/or death associated with using the drug;

i.      failing to use due care in the preparation and development of Viagra to prevent the aforementioned risk of injuries to individuals when the drugs were ingested;

j.      failing to use due care in the design of Viagra to prevent the aforementioned risk of injuries to individuals when the drugs were ingested;

k.      failing to conduct adequate pre-clinical testing and research to determine the safety of Viagra;

l.      failing to conduct adequate post-marketing surveillance and exposure studies to determine the safety of Viagra, while defendant knew or should have known that post-marketing surveillance would be the only means to determine the relative risk of Viagra for causing severe adverse reactions in the absence of clinical trials which cannot be conducted for this purpose, and that such surveillance would be necessary for a due diligence program that would alert defendant to the need to change the drug's warnings or to withdraw it from the market altogether;

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

m.      failing to completely, accurately and in a timely fashion, disclose the results of the pre-marketing testing and post-marketing surveillance and testing to Plaintiff, consumers, the medical community, and the FDA;

n.      failing to accompany Viagra with proper warnings regarding all possible adverse side effects associated with the use of the same;

o.      failing to use due care in the manufacture, inspection, and labeling of Viagra to prevent the aforementioned risk of injuries to individuals who used the drugs;

p.      failing to use due care in the promotion of Viagra to prevent the aforementioned risk of injuries to individuals when the drugs were ingested;

q.      failing to use due care in the sale and marketing of Viagra to prevent the aforementioned risk of injuries to individuals when the drugs were ingested;

r.      failing to use due care in the selling of Viagra to prevent the aforementioned risk of injuries to individuals when the drugs were ingested;

s.      failing to provide adequate and accurate training and information to the sales representatives who sold the drugs;

t.      failing to provide adequate and accurate training and information to healthcare providers for the appropriate use of Viagra;

u.      failing to conduct or fund research into the development of medications of this type which would post the least risk of causing severe reactions, into the early detection of persons who might be must susceptible to such reactions, and into the development of better remedies and treatment for those who experience these tragic adverse reactions;

v.      failing to educate healthcare providers and the public about the safest use of the drug;

w.      failing to give healthcare providers adequate information to weigh the risks of serious injury and/or death for a given patient; and

x.      being otherwise reckless, careless and/or negligent.

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

34.     Despite the fact that defendant knew or should have known that Viagra increased the risk of serious injury and/or death, defendant continued to promote and market Viagra to consumers, including Plaintiff, when safer and more effective methods treatment were available.

35.     As a direct and proximate consequence of defendant's negligence, willful, wanton, and/or intentional acts, omissions, misrepresentations and/or otherwise culpable acts described herein, Plaintiff sustained injuries and damages alleged herein including specifically those outlined in this Petition under Subsection "Factual Allegations."

WHEREFORE, Plaintiff demands judgment against defendant and seeks compensatory damages, and exemplary and punitive damages together with interest, the costs of suit and attorneys' fees and such other and further relief as this Court deems just and proper.

## COUNT II:  STRICT LIABILITY

36.     Plaintiff incorporates by reference each and every paragraph of this Petition as though set forth in full in this cause of action and further alleges:

37.     At all times relevant to this action, the defendant designed, tested, manufactured, packaged, marketed, distributed, promoted, and sold Viagra, placing the drug into the stream of commerce.

38.     At all times material, Viagra was designed, tested, inspected, manufactured, assembled, developed, labeled, sterilized, licensed, marketed, advertised, promoted, sold, packaged, supplied and/or distributed by defendant in a defective and unreasonably dangerous condition to consumers, including Plaintiff.

39.     Viagra was expected to reach, and did reach, users and/or consumers, including Plaintiff, without substantial change in the defective and unreasonably dangerous condition in which it was manufactured and sold.

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

40.    Plaintiff used Viagra as prescribed and in the foreseeable manner normally intended, recommended, promoted, and marketed by defendant.

41.    Viagra was unreasonably dangerous in that, as designed, it failed to perform safely when used by ordinary consumers, including Plaintiff, including when it was used as intended and in a reasonably foreseeable manner.

42.    Viagra was unreasonably dangerous in that, as designed, the risks of serious injury and/or death, including melanoma, posed by its consumption exceeded any benefit the drug was designed to or might in fact bestow.

43.    Viagra was unreasonably dangerous in that, as designed, it was dangerous to an extent beyond that contemplated by ordinary consumers, including Plaintiff.

44.    Viagra was defective in its design in that it neither bore, nor was packaged with, nor accompanied by, warnings adequate to alert consumers, including Plaintiff, to the risks described herein, including, but not limited to, the risk of serious injury and/or death including melanoma.  The drug was not accompanied by adequate labeling, instructions for use and/or warnings to fully apprise the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff, of the potential risks and serious side effects associated with its use, thereby rendering defendant liable to the Plaintiff.

45.    There were safer alternative methods and designs for the like product.

46.    Viagra was insufficiently tested and caused harmful side effects that outweighed any potential utility.

47.    Viagra was unsafe for normal or reasonably anticipated use.

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

48.     Viagra was defective in design or formulation because when the drug left the hands of the respective manufacturer and/or supplier, it was unreasonably dangerous and more dangerous than an ordinary consumer would expect.

49.     Viagra was also defective and unreasonably dangerous in that the foreseeable risk of injuries from Viagra exceeded the benefits associated with the design and/or formulation of the product.

50.     Viagra is unreasonably dangerous; a) in construction or composition; b) in design; c) because an adequate warning about the respective drug was not provided; and d) because the respective drugs do not conform to an express warranty of the manufacturer about the product.

51.     Viagra, as manufactured and supplied, was also defective due to inadequate warnings, and/or inadequate clinical trials, testing and study, and inadequate reporting regarding the results of the clinical trials, testing and study.  Defendant failed to perform adequate testing before exposing Plaintiff to Viagra.

52.     Viagra as manufactured and supplied by the defendant was defective due to inadequate post-marketing warnings or instructions because, after defendant knew or should have known of the risk of injuries from use and/or ingestion, they failed to provide adequate warnings to the medical community and the consumers, to whom they were directly marketing and advertising; and, further, they continued to affirmatively promote Viagra as safe and effective.

53.     In light of the potential and actual risk of harm associated with the drug's use, a reasonable person who had actual knowledge of this potential and actual risk of harm would have concluded that Viagra should not have been marketed in that condition.

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

54.    Although defendant knew or should have known of the defective nature of Viagra, it continued to design, manufacture, market, and sell Viagra so as to maximize sales and profits at the expense of the public health and safety.   Defendant thus acted with conscious and deliberate disregard of the foreseeable harm caused by Viagra.

55.    Plaintiff could not, through the exercise of reasonable care, have discovered the risk of serious injury and/or death associated with and/or caused by Viagra.

56.    As a direct and proximate cause of the defendant's defective design of Viagra, Plaintiff used the drugs rather than less expensive erectile dysfunction therapies with better and/or similar efficacy.   As a result, Plaintiff suffered the personal injuries described herein.

57.    Information given by defendant to the medical community and to the consumers concerning the safety and efficacy of Viagra, especially the information contained in the advertising and promotional materials did not accurately reflect the serious and potentially fatal side effects.

## COUNT III: BREACH OF EXPRESS WARRANTY

58.    Plaintiff incorporates by reference each and every paragraph of this Petition as though set forth in full in this cause of action.

59.    Defendant expressly represented to Plaintiff (and to other consumers and the medical community) that Viagra was safe, efficacious and fit for its intended purposes, that it was of merchantable quality, that it did not produce any unwarned-of dangerous side effects, and that it was adequately tested.

60.    Defendant breached expressed warranties with respect to Viagra in the following particulars:

Defendant  represented through its labeling, advertising, marketing materials,  detail  persons,  seminar  presentations,  publications,

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

notice letters, and regulatory submissions that Viagra was safe and fraudulently withheld and concealed information about the substantial risk of serious injury associated with using Viagra; and

Defendant represented that Viagra was as safe, and/or safer than other alternative medications and fraudulently concealed information, which demonstrated that Viagra was not safer than alternatives available on the market.

Defendant represented that Viagra was as more efficacious than other alternative medications and fraudulently concealed information, regarding the true efficacy of the drug.

61.     Viagra does not conform to Defendant's express representations because it is not safe, efficacious, it has numerous and serious unwarned-of side effects, causes severe and permanent injuries and was not adequately tested.

62.     At all relevant times, including during the period that Plaintiff ingested and suffered injury, Viagra did not perform as safely as an ordinary consumer would expect when used as intended or in a reasonably foreseeable manner.

63.     Plaintiff, other consumers, and the medical community relied upon Defendant's express warranties, resulting in Plaintiff's ingestion of the drug.

64.     As a direct and proximate consequence of Defendant's negligence, willful, wanton, and/or intentional acts, omissions, misrepresentations and/or otherwise culpable acts described herein, Plaintiff sustained injuries and damages alleged herein.

**WHEREFORE**, Plaintiff demands judgment against Defendant and seeks compensatory damages, and exemplary and punitive damages together with interest, the costs of suit and attorneys' fees and such other and further relief as this Court deems just and proper.

## COUNT IV: BREACH OF IMPLIED WARRANTY

65.     Plaintiff incorporates by reference each and every paragraph of this Petition as though set forth in full in this cause of action.

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

66.     At all relevant and material times, Defendant manufactured, distributed, advertised, promoted, and sold Viagra.

67.     At all relevant times, Defendant intended that Viagra be used in the manner that Plaintiff in fact used it and Defendant impliedly warranted the product to be of merchantable quality, safe and fit for such use, and was not adequately tested.

68.     Defendant was aware that consumers, including Plaintiff, would use Viagra as an aid to treat erectile dysfunction; which is to say that Plaintiff were foreseeable users of Defendant's product Viagra.

69.     Plaintiff was at all relevant times in privity with Defendant.

70.     The drug was expected to reach and did in fact reach consumers, including Plaintiff, without substantial change in the condition in which it was manufactured and sold by Defendant.

71.     Defendant breached various implied warranties with respect to Viagra including the following particulars:

> Defendant represented through its labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that Viagra was safe and fraudulently withheld and concealed information about the substantial risk of serious injury associated with using Viagra; and

> Defendant represented that Viagra was as safe, and/or safer than other alternative medications and fraudulently concealed information, which demonstrated that Viagra was not safer than alternatives available on the market.

> Defendant represented that Viagra was as more efficacious than other alternative medications and fraudulently concealed information, regarding the true efficacy of the drug.

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

72.     In reliance upon Defendant's implied warranty, Plaintiff used Viagra as prescribed and in the foreseeable manner normally intended, recommended, promoted, and marketed by Defendant.

73.     Defendant breached its implied warranty to Plaintiff in that Viagra was not of merchantable quality, safe and fit for its intended use, or adequately tested.

74.     As a direct and proximate consequence of Defendant's negligence, willful, wanton, and/or intentional acts, omissions, misrepresentations and/or otherwise culpable acts described herein, Plaintiff sustained injuries and damages alleged herein.

**WHEREFORE**, Plaintiff demands judgment against Defendant and seeks compensatory damages, and exemplary and punitive damages together with interest, the costs of suit and attorneys' fees and such other and further relief as this Court deems just and proper.

## <u>COUNT V: FRAUDULENT MISREPRESENTATION</u>

75.     Plaintiff incorporates by reference each and every paragraph of this Petition as though set forth in full in this cause of action.

76.     At all relevant times, Defendant knew of the use for which Viagra, was intended and expressly and/or impliedly warranted its respective drug was of merchantable quality and safe and fit for such use.

77.     Defendant's superior knowledge and expertise, its relationship of trust and confidence with doctors and the public, its specific knowledge regarding the risk and dangers of Viagra and its intentional dissemination of promotional and marketing information about Viagra for the purpose of maximizing its sales, each gave rise to the affirmative duty to meaningfully disclose and provide all material information about the risk and harms associated with the drugs.

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

78.     Defendant fraudulently represented to Plaintiff, Plaintiff's physicians, and other persons and professionals on whom it was known by Defendant that Plaintiff would rely, as well as the public at large, that the Viagra was safe to ingest and that the utility of this product outweighed any risk in use for its intended purposes.  Also, by negligently failing to disclose to Plaintiff, and others for the benefit of Plaintiff, important safety and injury information, thereby suppressing material facts about the drug, while having a duty to disclose such information, which duty arose from its actions of making, marketing, promoting, distributing and selling pharmaceutical products to Plaintiff and others, Defendant further led Plaintiff to rely upon the safety of the product in its use.

79.     The false representations of Defendant were fraudulently made, in that the subject drug products in fact caused injury, were unsafe, and the benefits of its use were far outweighed by the risk associated with use thereof.

80.     Defendant, individually and collectively, committed acts of intentional misrepresentation and intentional concealment by suppressing material facts relating to the dangers and injuries associated with, and caused by, the use of the subject drug.

81.     Defendant knew or should have known that its representations and/or omission are false.  Defendant made such false representations with the intent or purpose that Plaintiff and Plaintiff's physicians would rely upon such representations, leading to the use of the subject drugs by Plaintiff.

82.     Defendant made fraudulent misrepresentations with respect to Viagra in the following particulars:

> Defendant represented through its labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that Viagra had been tested and found to be safe and effective as an aid to treat erectile

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

dysfunction; and

Defendant represented that Viagra was as safe and/or safer and/or more efficacious than other alternative medications.

83.     Defendant knew that these representations were false, yet it willfully, wantonly, and recklessly disregarded its obligation to provide truthful representations regarding the safety and risk of Viagra to consumers, including Plaintiff, and to the medical community.

84.     Defendant made these misrepresentations with the intent that doctors and patients, including Plaintiff, rely upon them.

85.     Defendant's misrepresentations were made with the intent of defrauding and deceiving Plaintiff, other consumers, and the medical community to induce and encourage the sale of Viagra.

86.     Plaintiff's doctors, and others, relied upon the representations to Plaintiff's detriment.

87.     Defendant's fraudulent representations evince its callous, reckless, willful, and depraved indifference to the health, safety, and welfare of consumers, including Plaintiff.

88.     Defendant made affirmative misrepresentations; and fraudulently concealed material adverse information regarding the safety and effectiveness of Viagra.

89.     Defendant made these misrepresentations and actively concealed adverse information at a time when Defendant knew or had reason to know that Viagra had defects and was unreasonably dangerous and was not what Defendant had represented to the medical community, the FDA and the consuming public, including Plaintiff.

90.     Defendant omitted, suppressed and/or concealed material facts concerning the dangers and risk of injuries associated with the use of Viagra including risk of serious injury and/or melanoma.

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

91.     Furthermore, Defendant's purpose was willfully blind to, ignored, downplayed, avoided, and/or otherwise understated the serious nature of the risk associated with the use of Viagra in order to increase sales.

92.     The representations and concealment were undertaken by Defendant with an intent that doctors and patients, including Plaintiff, rely upon them.

93.     Defendant's representations and concealments were undertaken with the intent of defrauding and deceiving Plaintiff other consumers, and the medical community to induce and encourage the sale of Viagra.

94.     Defendant's fraudulent representations evinced its callous, reckless, willful, and depraved indifference to the health, safety, and welfare of consumers, including Plaintiff.

95.     Plaintiff's physicians and Plaintiff relied on and were induced by Defendant's misrepresentations, omissions, and/or active concealment of the dangers of Viagra in selecting treatment.

96.     Plaintiff and the treating medical community did not know that the representations made by Defendant were false and were justified in relying upon Defendant's representations.

97.     Had Plaintiff been aware of the increased risk of serious injury associated with Viagra and the relative efficacy of Viagra compared with other readily available alternative erectile dysfunction therapies, Plaintiff would not have taken Viagra.

98.     As a direct and proximate result of Defendant's fraudulent misrepresentations and intentional concealment of facts, upon which Plaintiff reasonably relied, Plaintiff suffered injuries and sustained damages for which Defendant is liable.

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

99.    As a direct and proximate consequence of Defendant's negligence, willful, wanton, and/or intentional acts, omissions, misrepresentations and/or otherwise culpable acts described herein, Plaintiff sustained injuries and damages alleged herein.

**WHEREFORE**, Plaintiff demands judgment against Defendant and seeks compensatory damages, and exemplary and punitive damages together with interest, the costs of suit and attorneys' fees and such other and further relief as this Court deems just and proper.

<u>**COUNT VI:  FRAUDULENT CONCEALMENT**</u>

100.    Plaintiff incorporates by reference each and every paragraph of this Petition as though set forth in full in this cause of action.

101.    Defendant fraudulently concealed information with respect to Viagra in the following particulars:

> Defendant represented through its labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that Viagra was safe and fraudulently withheld and concealed information about the substantial risk of serious injury associated with using Viagra; and

> Defendant represented that Viagra was as safe, and/or safer than other alternative erectile dysfunction therapies and fraudulently concealed information, which demonstrated that Viagra was not safer than alternatives available on the market.

> Defendant represented that Viagra was as more efficacious than other alternative medications and fraudulently concealed information, regarding the true efficacy of the drug.

102.    Defendant had sole access to material facts concerning the dangers and unreasonable risk of Viagra.

103.    The concealment of information by Defendant about the substantial the risk of serious injury, associated with Viagra was intentional, and the representations made by Defendant were known by Defendant to be false.

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

104.    Defendant made the concealment of information and the misrepresentations about Viagra with the intent that doctors and patients, including Plaintiff, rely upon them.

105.    Plaintiff's doctors, and others, in fact relied upon the representations to Plaintiff's detriment and were unaware of the substantial the risk of serious injury, associated with and/or caused by Viagra, which Defendant concealed from Plaintiff's doctors, and Plaintiff.

106.    Had Defendant not fraudulently concealed such information, Plaintiff would not have ingested Viagra and suffered resulting harm.  Because of Defendant's fraudulent concealment Plaintiff ingested Viagra. As a direct and proximate consequence of Defendant's negligence, willful, wanton, and/or intentional acts, omissions, misrepresentations and/or otherwise culpable acts described herein, Plaintiff sustained injuries and damages alleged herein including specifically those outline in this Petition under Subsection B "Plaintiff's Injuries and Damages".

**WHEREFORE**, Plaintiff demands judgment against Defendant and seeks compensatory damages, and exemplary and punitive damages together with interest, the costs of suit and attorneys' fees and such other and further relief as this Court deems just and proper.

### COUNT VII: RECKLESS AND/OR NEGLIGENT
### MISREPRESENTATION & CONCEALMENT

107.    Plaintiff incorporates by reference all of the paragraphs of this Petition as if fully set forth herein.

108.    At all relevant times, Defendant designed, tested, manufactured, packaged, marketed, distributed, promoted, and sold Viagra.

109.    At all relevant times, Defendant knew of the use for which Viagra was intended and expressly and/or impliedly warranted its respective drug was of merchantable quality and safe and fit for such use.

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

110.    Defendant's superior knowledge and expertise, its relationship of trust and confidence with doctors and the public, its specific knowledge regarding the risk and dangers of Viagra and its intentional dissemination of promotional and marketing information about Viagra for the purpose of maximizing its sales, each gave rise to the affirmative duty to meaningfully disclose and provide all material information about the risk and harms associated with the drugs.

111.    Defendant recklessly, and/or negligently represented to Plaintiff, Plaintiff's physicians, and other persons and professionals on whom it was known by Defendant that Plaintiff would rely, as well as the public at large, that the Viagra was safe to ingest and that the utility of this product outweighed any risk in use for its intended purposes.

112.    Defendant recklessly and/or negligently failed to disclose to Plaintiff, and others, important safety and efficacy information, thereby suppressing material facts about the drug, while having a duty to disclose such information, which duty arose from its actions of making, marketing, promoting, distributing and selling pharmaceutical products to Plaintiff and others.

113.    Defendant led Plaintiff to rely upon the safety of the product in its use.

114.    The false representations of Defendant were recklessly and/or negligently made in that the subject drug products in fact caused injury, were unsafe, and the benefits of its use were far outweighed by the risk associated with use thereof.

115.    Defendant, individually and collectively, committed acts of reckless and/or negligent misrepresentation and reckless and/or negligent concealment by suppressing material facts relating to the dangers and injuries associated with, and caused by, the use of the subject drug.

116.    Defendant knew or should have known that its representations and/or omissions were false.  Defendant made such false, negligent and/or reckless representations with the intent

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

or purpose that Plaintiff and Plaintiff's physicians would rely upon such representations, leading to the use of the subject drugs by Plaintiff.

117.    Defendant recklessly and/or negligently misrepresented and/or omitted information with respect to Viagra in the following particulars:

> Defendant represented through its labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that Viagra was safe and fraudulently withheld and concealed information about the substantial risk of serious injury, associated with using Viagra; and

> Defendant represented that Viagra was as safe and/or safer than other alternative erectile dysfunction therapies and fraudulently concealed information, which demonstrated that Viagra was not safer than alternatives available on the market.

> Defendant represented that Viagra was as more efficacious than other alternative erectile dysfunction therapies and fraudulently concealed information, regarding the true efficacy of the drug.

118.    Defendant made affirmative misrepresentations; and recklessly and/or negligently omitted material adverse information regarding the safety and effectiveness of Viagra.

119.    Defendant made these misrepresentations and/or omissions at a time when Defendant knew or had reason to know that Viagra had defects and was unreasonably dangerous and was not what Defendant had represented to the medical community, the FDA and the consuming public, including Plaintiff.

120.    Defendant omitted, suppressed and/or concealed material facts concerning the dangers and risk of injuries associated with the use of Viagra including, serious injury and death. Furthermore, Defendant's purpose was willfully blind to, ignored, downplayed, avoided, and/or otherwise understated the serious nature of the risk associated with the use of Viagra in order to increase sales.

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

121.    Defendant's misrepresentations and/or omissions were undertaken by Defendant with an intent that doctors and patients, including Plaintiff, would rely upon them.

122.    Defendant's misrepresentations and/or omissions were undertaken with the intent of defrauding and/or deceiving Plaintiff, other consumers, and the medical community to induce and encourage the sale of Viagra.

123.    Defendant's misrepresentations and/or omissions evinced Defendant's callous, reckless, willful, and depraved indifference to the health, safety, and welfare of consumers, including Plaintiff.

124.    Plaintiff's physicians and Plaintiff relied on and were induced by Defendant's misrepresentations, omissions, and/or active concealment of the dangers of Viagra in selecting treatment.

125.    Plaintiff and the treating medical community did not know that the representations made by Defendant were false and were justified in relying upon Defendant's representations.

126.    Had Plaintiff been aware of the increased risk of side effects associated with Viagra and the relative efficacy of Viagra compared with other readily available alternative erectile dysfunction therapies, Plaintiff would not have taken Viagra.

127.    As a direct and proximate consequence of Defendant's negligence, willful, wanton, and/or intentional acts, omissions, misrepresentations and/or otherwise culpable acts described herein, Plaintiff's sustained injuries and damages alleged herein including specifically those outlined in this Petition under Subsection B "Plaintiff's Injuries and Damages".

**WHEREFORE**, Plaintiff demands judgment against Defendant and seeks compensatory damages, and exemplary and punitive damages together with interest, the costs of suit and

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

attorneys' fees and such other and further relief as this Court deems just and proper.

## COUNT VIII: GROSS NEGLIGENCE

128.    Plaintiff incorporates by reference each and every paragraph of this Petition as though set forth in full in this cause of action.

129.    Defendant had a duty to exercise reasonable care in the warning about, design, testing, manufacture, marketing, labeling, sale, and/or distribution of Viagra, including a duty to ensure that Defendant's product, Viagra, did not cause users to suffer from unreasonable and dangerous side effects.

130.    Defendant failed to exercise reasonable care in the warning about, design, testing, manufacture, marketing, labeling, sale, and/or distribution of Defendant's product, Viagra, in that Defendant knew or should have known that taking Defendant's product, Viagra, caused unreasonable and life-threatening injuries, as alleged herein.

131.    Defendant was grossly negligent in the warning about, design, testing, manufacture, marketing, labeling, sale, and/or distribution of Defendant's product, Viagra in that it:

> failed to provide adequate warnings with Defendant's product, Viagra, regarding its possible risk and adverse effects as well as the comparative severity and duration of such adverse effects;

> failed to exercise due care in designing, developing, and manufacturing Defendant's product Viagra so as to avoid the aforementioned risk to individuals;

> placed an unsafe product into the stream of commerce; and

> was otherwise grossly negligent.

132.    Although Defendant knew, or recklessly disregarded, the fact that Defendant's product, Viagra, caused potentially lethal side effects, Defendant continued to market

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

Defendant's product, Viagra, to consumers, including Plaintiff, without disclosing these side effects including the risk of serious injury.

133.    Defendant knew and/or consciously or recklessly disregarded the fact that consumers such as Plaintiff would suffer injury as a result of Defendant's failure to exercise reasonable care as described above.

134.    Defendant knew of, or recklessly disregarded the defective nature of Defendant's product, Viagra, as set forth herein, but continued to design, manufacture, market, and sell Defendant's product, Viagra, so as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiff, in conscious and/or reckless disregard of the foreseeable harm caused by Defendant's product, Viagra.

135.    As a direct and proximate consequence of Defendant's negligence, willful, wanton, and/or intentional acts, omissions, misrepresentations and/or otherwise culpable acts described herein, Plaintiff sustained injuries and damages alleged herein including specifically those outlined in this Petition under Subsection B "Plaintiff's Injuries and Damages"

**WHEREFORE**, Plaintiff demands judgment against Defendant and seeks compensatory damages, and exemplary and punitive damages together with interest, the costs of suit and attorneys' fees and such other and further relief as this Court deems just and proper.

## COUNT IX:  UNJUST ENRICHMENT

136.    Plaintiff incorporates by reference each and every paragraph of this Petition as though set forth in full in this cause of action.

137.    At all times relevant to this action, Defendant designed, advertised, marketed, promoted, manufactured, distributed, supplied, and/or sold Viagra.

138.    Plaintiff purchased Viagra for the purpose of treating erectile dysfunction.

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

139.    Defendant has accepted payment from Plaintiff for the purchase of Viagra.

140.    Plaintiff did not receive the safe and effective pharmaceutical product for which Plaintiff intended to purchase.

141.    It is inequitable and unjust for Defendant to retain this money because Plaintiff did not in fact receive the product Defendant represented Viagra to be.

**WHEREFORE**, Plaintiff demands judgment against Defendant and seeks equitable relief, the costs of suit and attorneys' fees, and such other and further relief as this Court deems just and proper.

## GLOBAL PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant on each count as follows:

a.    compensatory damages for the described losses with respect to each cause of action;

b.    past and future medical expenses;

c.    past and future loss of earning capacity;

d.    past and future pain and suffering;

e.    past and future emotional distress;

f.    past and future loss of enjoyment of life;

g.    consequential damages;

h.    disgorgement of profits;

i.    restitution;

j.    punitive damages with respect to each cause of action;

k.    reasonable attorneys' fees where recoverable;

l.    costs of this action;

m.    prejudgment and all other interest recoverable; and,

Electronically Filed - City of St. Louis - May 30, 2018 - 02:14 PM

n.    such other additional and further relief as Plaintiff may be
entitled to in law or in equity.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a trial by jury on all counts and issues so triable.

Respectfully submitted,
THE DRISCOLL FIRM, P.C.


BY:    <u>/s/ John J. Driscoll          </u>
JOHN J. DRISCOLL (54729)
GREGORY J. PALS (48820)
THE DRISCOLL FIRM, P.C.
211 North Broadway, Suite 4050
St. Louis, Missouri 63012
Telephone No. (314) 932-3232
Fax No. (314) 932-3233